Plaintiff seeks to have the court enter an order declaring its judgment rendered on defendant’s counterclaim in Keco Industries, Inc. v. United States, 176 Ct. Cl. 983, 364 F. 2d 838 (1966), cert. denied, 386 U.S. 958 (1967), void, and to grant plaintiff judgment in the amount awarded defendant therein. On November 17, 1972 the court entered the following order:
This case comes before the court on defendant’s motion, filed May 30, 1972, to dismiss the petition, having been submitted to the court on oral argument of counsel. Upon consideration thereof the court concludes as follows:
The present suit is wholly barred, under the principles of former adjudication, by the court’s judgment against plaintiff on the defendant’s counterclaim in plaintiff’s former action (Keco Industries, Inc. v. United States, 176 Ct. Cl. 983, 364 F. 2d 838 (1966), cert. denied, 386 U.S. 958 (1967)), in which plaintiff did not challenge the Government’s right to maintain the counterclaim. This court had full jurisdiction over that counterclaim under 28 U.S.C. §§ 1503 and 2508. The decision in S & E Contractors, Inc. v. United States, 406 U.S. 1 (1972), did not rest on the grounds of lack of judicial jurisdiction, and a contractor-claimant can waive the non-jurisdictional defense that the Government has no standing to contest a decision by a Board of Contract Appeals favorable to the claimant. This is what the court has held in comparable situations under the Wunderlich Act. See Stein Bros. *1021 Mfg. Co. v. United States, 162 Ct. Cl. 802, 806-08, 337 F. 2d 861, 862-63 (1963); WPC Enterprises, Inc. v. United States, 163 Ct. Cl. 1, 8, 323 F. 2d 874, 878 (1963). There is no reason to apply a different rule here. Accordingly, plaintiff must be held to have waived in the prior suit any defense it may have had based on the principle later announced by the Supreme Court in S & E Contractors, and the latter decision provides no ground for the present petition which seeks to overturn this court’s earlier judgment. That prior judgment was not void but valid. In the circumstances here, it is clear that the S & E Contractors ruling does not have retroactive effect. Our former judgment against plaintiff, which finally and validly determined the defendant’s counterclaim, is a complete bar to plaintiff’s current effort to relitigate the matter.
it is therefore ordeeed that defendant’s said motion to dismiss the petition be and the same is granted and the petition is dismissed.
BY THE COURT
(Sgd.) Wilson Cowen Chief Judge