979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FRED A. ARNOLD, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5008.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before NIES, Chief Judge, and ARCHER and CLEVENGER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Fred A. Arnold, Inc. (Arnold) appeals the judgment of the United States Claims Court in an appeal under the Wunderlich Act, 41 U.S.C. §§ 321-322, which affirmed the decision of the Armed Services Board of Contract Appeals (board) denying all of Arnold's claims for equitable adjustment, and reversed the board's decision invalidating the contract's liquidated damages clause. The judgment also awarded liquidated damages including interest to the Government. We affirm the Claims Court's judgment as to equitable adjustment and liquidated damages, but reverse its award of interest to the Government.
 
 DISCUSSION
 
 2
 A. Arnold contracted with the Department of the Navy (Government) to construct a three-story Bachelor Enlisted Quarter (BEQ) at Camp Pendleton that included a balcony along both sides of the building. Because of deflection and cracks in the balcony of the BEQ, the Government required Arnold to perform corrective work. The Claims Court concluded that Arnold was not entitled to an equitable adjustment for these corrections because Arnold failed to follow the contract plans. The Claims Court, as well as the board, interpreted the plans as requiring eight foot six inch reinforcing bars (short bars) spaced every 16 inches on center in the concrete floor of the balcony. The interpretation issue relates to a cross-sectional drawing of the balcony which has the following notation:
 
 
 3
 # 5 @ 16" O.C.
 
 Add # 5 Bars
 Over Wall At Corner
 As Shown in 2/S-6
 
 4
 An arrow points from this notation to a depiction of short bars in the concrete floor of the balcony. Arnold urges that this notation only requires short bars at the corners of the building. The Claims Court disagreed and ruled that in the context of the detail itself and the other contract drawings, the notation gives two instructions: first it requires short bars spaced 16"' on center throughout the balcony, and second it requires the addition of # 5 reinforcing bars at the corners, as depicted in drawing 2/S-6.
 
 
 5
 We discern no error in the Claims Court's interpretation of the contract drawings. The notation in question appears as part of a drawing labelled "Typical Floor Slab Detail." The drawing details both long and short reinforcement bars in the balcony floor which extend into the building floor slab. Because the arrow from the disputed notation points to the short bar, the first line of the notation logically refers to these short bars, requiring them to be spaced 16" on center throughout the balcony. The remaining lines in the notation then refer to detail 2/S-6 for additional requirements at the corner of the building. Other notations on the drawing point to and give instructions as to the location of the depicted long bars.
 
 
 6
 B. In Arnold's appeal of the board decision to the Claims Court, the Government filed a counterclaim asserting that the board erred in holding that the liquidated damages clause was unenforceable. The board found that the liquidated damages clause of the contract bore no reasonable relationship to the actual damages the Government expected to sustain as a result of the contractor's delay. The Claims Court reversed this part of the board's decision and remanded the case to the board for a determination of damages. After the board quantified damages, some 16 months after the Claims Court's decision on the merits, Arnold obtained new counsel and moved for a dismissal of the Government's counterclaim for liquidated damages.
 
 
 7
 Arnold argued that under S & E Contractors, Inc. v. United States, 406 U.S. 1 (1972), the Wunderlich Act gave the Government no right to appeal the board's liquidated damages decision to the Claims Court. The Claims Court held that Arnold had waived its S & E Contractors defense. See Keco Indus., Inc. 199 Ct.Cl. 1020 (1972) (a defense under S & E Contractors may be waived because the decision did not rest on grounds of judicial jurisdiction); Stein Bros. Mfg. v. United States, 337 F.2d 861, 862 (Ct.Cl.1963) (claim under Wunderlich Act may be waived because it is not jurisdictional).
 
 
 8
 The Government actively asserted its right to maintain the counterclaim during the course of the merits proceeding in the Claims Court. The Government's assertion went unchallenged by Arnold and the Claims Court decided the issue. Arnold never raised the propriety of the counterclaim in its brief or during oral argument. It was not until 16 months after the Claims Court decision on the merits that Arnold first contested the Government's right to appeal the liquidated damages decision. We agree with the Claims Court that Arnold had an obligation to raise the S & E Contractors defense at the time of the trial on the merits and that the defense must be considered waived under the facts of this case. See Nossen v. United States, 416 F.2d 1362, 1371 (Ct.Cl.1969); Hunt v. Jaglowski, 926 F.2d 689, 690-91 (7th Cir.1991).
 
 
 9
 C. Arnold also argues that the Claims Court erred in reversing the board's decision that the liquidated damages clause was unenforceable. Liquidated damage clauses are enforced by courts provided they represent fair and reasonable estimates of the damages that the Government would incur in the event of delay. See Priebe & Sons, Inc. v. United States, 332 U.S. 407, 411 (1947). The primary purpose of liquidated damages is to eliminate the need for proving damages. Rex Trailer Co. v. United States, 350 U.S. 148, 152 (1956).
 
 
 10
 The liquidated damage rate used in the instant contract is prescribed in tables contained in a Department of Defense (DOD) regulation. These tables specify the average cost to the DOD of housing various types of military personnel in off-base quarters. Arnold contends that the Government cannot rely on these tables because the costs do not relate directly to the Camp Pendleton area. It urges that the Government "should be required to consider the procurement requirements on a case-by-case basis."
 
 
 11
 We agree with the Claims Court that it was reasonable for the Government to use the regulation tables. These tables, which specify rates for liquidated damages for various types of housing construction, were created specifically for use in military housing construction contracts. Arnold did not submit any evidence showing that the damage the Government might be expected to incur in housing personnel off-base in the Camp Pendleton area at the time of the contract was significantly less than the $6.00 per diem set forth in the regulation. Moreover, there is no indication that Arnold ever questioned or sought a change in the liquidated damage rate during contract negotiations. Under the circumstances we conclude there is no basis for holding the liquidated damages clause unenforceable.
 
 
 12
 D. Finally, Arnold argues that the Claims Court improperly awarded the Government interest on its claim for liquidated damages by calculating the interest from the Contracting Officer's final decision of January 12, 1982. General Provision 49 of the contract provides that the Government is entitled to interest from "the date of the first written demand for payment" (emphasis added).
 
 
 13
 Contrary to the contract language, the Claims Court held that a written demand was not required. The Claims Court stated that "[t]he regulations specifically recognize the possibility that a demand may not be received by the contractor and, in such event, prescribe an interest accrual date that is 'fair and reasonable.' " See 32 C.F.R. § 162.122 (1974). Regulation 162.122 applies only in situations where the demand for payment is delayed or does not reach the contractor. It has no bearing in this case because the Government never made a demand for payment. The Government is bound by the terms of the contract, which require a written demand for payment. Interest was, therefore, improperly allowed to the Government.
 
 CONCLUSION
 
 14
 For the reasons stated above, we affirm the denial of an equitable adjustment to Arnold, affirm the award of liquidated damages to the Government, and reverse the award of interest to the Government.
 
 COSTS
 
 15
 No costs.